# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2793

_____

United States of America,     &ast;
             &ast;
    Appellee,    &ast;
             &ast; Appeal from the United States
  v.         &ast; District Court for the
             &ast; Western District of Arkansas.
Juan Sanchez-Sanchez,    &ast;
             &ast; [UNPUBLISHED]
    Appellant.    &ast;

_____

Submitted: February 7, 2012
Filed: February 9, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Juan Sanchez-Sanchez directly appeals after he pled guilty to a drug-conspiracy offense, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the district court[1] imposed a within-Guidelines-range sentence. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting that Sanchez-Sanchez's plea was not knowing and voluntary. We conclude that any challenge to the voluntariness of Sanchez-Sanchez's guilty plea is not cognizable on direct appeal, because he did not move to withdraw his plea in the district court. See

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

United States v. Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006) (claim that guilty plea was not knowing and intelligent was not cognizable on direct appeal where defendant did not attempt to withdraw guilty plea in district court); see also United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010) (where defendant did not move to withdraw guilty plea in district court, any claim that plea was constitutionally flawed would need to be addressed through 28 U.S.C. § 2255 proceedings).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____